IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REINA HERNANDEZ DE GOMEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-2514 |
| COSTCO WHOLESALE CORPORATION | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Costco Wholesale Corporation (incorrectly named as Costco Wholesale, Inc. in Plaintiff's state court petition), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### BACKGROUND

1. At the time this action commenced and as alleged in Plaintiff's Original Petition, Plaintiff Reina Hernandez de Gomez was a resident of Texas.

2. Defendant Costco is a Washington corporation with its principal place of business in the State of Washington.

3. Plaintiff claims that she was severely injured at a Costco warehouse in Harris County, Texas on or about July 19, 2019 when a Costco employee allegedly struck her left ankle with a cart.

4. Plaintiff commenced a lawsuit in the 165th Judicial District Court of Harris County, Texas: Cause No. 2021-39171, styled *Reina Hernandez de Gomez v. Costco Wholesale, Inc.*

5.  Plaintiff contends that Costco is liable for failing to keep the premises safe. Consequently, Plaintiff seeks to recover damages for a premises liability claim.

### GROUNDS FOR REMOVAL

**A.  Complete Diversity of Citizenship Exists Between the Parties and the Amount in Controversy Exceeds $75,000**

6.  Plaintiff is a resident of Texas. (*See* Ex. 2 at 2, ¶ 7.) Costco is a citizen and resident of the State of Washington. (*See id.* at ¶ 8.)[1] Thus, the parties are completely diverse. *See* 28 U.S.C. § 1332(a).

7.  While Plaintiff's Original Petition states she is seeking "only monetary relief of $100,000 or less," (Ex. 2 at 1, ¶ 5), she also affirmatively pleads that the amount in controversy is less than $75,000 (*Id.* at 2, ¶ 6). However, this claim is in bad faith. While the amount in controversy is generally determined based on "the sum demanded in good faith in the initial pleading," 28 U.S.C. § 1446(c)(2), "[a] demand made in bad faith does not control." *Rodriguez v. Ocean Harbor Cas. Ins. Co.*, CV H-19-4034, 2020 WL 555394, at *1 (S.D. Tex. Jan. 16, 2020), *report and recommendation adopted*, CV H-19-4034, 2020 WL 553810 (S.D. Tex. Feb. 4, 2020); (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995)). If a demand is designed to defeat diversity jurisdiction, it is in bad faith. *Id.*

8.  Texas Rules of Civil Procedure 47 requires plaintiffs to plead a range of monetary damages sought. *See* TEX. R. CIV. P. 47. The Rule does not allow a plaintiff to request a specific amount of damages beyond the specified range of damages. *See id.*; *see also Hernandez Jimenez v. Geovera Specialty Ins. Co.*, CV H-19-3970, 2019 WL 6910144, at *2 (S.D. Tex. Dec. 19, 2019). Accordingly, Plaintiff's allegation that "the amount in controversy does not exceed

---

[1] Costco's Form 10-K report is also available at https://investor.costco.com/node/22386/html.

$75,000.00" is in bad faith and an attempt to avoid federal diversity jurisdiction. *Rodriguez*, 2020 WL 555394 at *1; *Hernandez Jimenez*, 2019 WL 6910144, at *2.

9. As evidence of bad faith, prior to filing suit, Plaintiff sent a demand to Costco's third-party administrator, Sedgwick Claims Management (*See* Ex. 7.) The demand listed past and limited future medical expenses as $96,283, well in excess of the $75,000 amount-in-controversy requirement. (*Id.* at 2–3.) While stating Plaintiff anticipated a jury verdict in the range of $800,000–$950,000, Plaintiff offered to settle for $500,000. (*Id.* at 3) Plaintiff's own pre-suit demand letter establishes the amount in controversy exceeds $75,000. *See Rodriguez*, 2020 WL 555394, at *1 (considering pre-suit demand letter to determine whether the amount in controversy exceeded $75,000). Therefore, since Plaintiff's pleading is in bad faith and designed to defeat diversity jurisdiction, and the evidence shows Plaintiff is truly seeking an amount far in excess of $75,000, the amount in controversy exceeds $75,000.

10. Federal diversity jurisdiction exists because the parties are completely diverse, and the amount in controversy exceeds $75,000.

**B.  Venue is Proper in This Division and in this District.**

11. Plaintiff filed this action in Harris County, Texas. The Houston Division of the Southern District of Texas encompasses Harris County, Texas. Thus, this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. § 1441(a).

### PROCEDURAL REQUIREMENTS FOR REMOVAL

12. This Notice of Removal is filed within 30 days of the date on which Defendant received the summons and complaint. Thus, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

13. Copies of all processes, pleadings, and orders have been filed separately with this Court. *See* U.S.C. § 1446(a).

14. Pursuant to Local Rule 81 of the Southern District of Texas, the following documents are attached to this Notice of Removal, as listed in the Index of Matters Being Filed:

| | |
|---|---|
| Exhibit 1 | Docket Sheet |
| Exhibit 2 | Plaintiff's Original Petition and First Set of Discovery |
| Exhibit 3 | Plaintiff's request for issuance of a citation |
| Exhibit 4 | Return of Service |
| Exhibit 5 | Defendant Costco Wholesale Corporation's Original Answer |
| Exhibit 6 | List of Counsel of Record |
| Exhibit 7 | Plaintiff's Pre-Suit Demand Letter |

15. A copy of this Notice of Removal will be filed with the Harris County District Clerk's office promptly and will be served on Plaintiff promptly. *See* 28 U.S.C. § 1446(d).

16. The filing fee has been paid to the Clerk.

## CONCLUSION

17. Removal of this action under 28 U.S.C. § 1441(a) is proper as district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

18. Costco Wholesale Corporation respectfully requests that the state court action now pending in the 165th Judicial District Court of Harris County, Texas be removed and placed on this Court's docket for further proceedings as though it originated in this Court, and that this Court issue all necessary orders. Costco further requests any additional relief to which it may be justly entitled.

Dated: August 4, 2021

                          Respectfully submitted,

                          CHAMBERLAIN, HRDLICKA, WHITE,
                             WILLIAMS & AUGHTRY

By:   */s/ Jeff C. Wigginton, Jr.*
       Jeff C. Wigginton, Jr.
       State Bar No. 24057521
       jeff.wigginton_@chamberlainlaw.com
       Chris Lemons
       State Bar No. 24094799
       chris.lemons@chamberlainlaw.com
       1200 Smith Street, Suite 1400
       Houston, Texas 77002
       Telephone (713) 658-1818
       Telecopy (713) 658-2553

**ATTORNEYS FOR DEFENDANT
COSTCO WHOLESALE CORPORATION**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

M. Paul Skrabanek
Michael L. Grinsfelder
Pierce Sicrabanek, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098

                                        */s/ Jeff C. Wigginton, Jr.*
                                        Jeff C. Wigginton, Jr.

4183641.v1